MEMPHIS FURNITURE MFG. CO. v. NATIONAL LABOR RELATIONS BOARD.

No. 7801.

Circuit Court of Appeals, Sixth Circuit.

May 3, 1938.

Phil M. Canale, of Memphis, Tenn., (Canale, Glankler, Loch & Little and Phil M. Canale, all of Memphis, Tenn., on brief), for petitioner.

Charles Fahy, of Washington, D. C., (Charles Fahy, Robert B. Watts, Laurence A. Knapp, and Owsley Vose, all of Washington, D. C., on brief), for respondent.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

This case is before the court upon the petition of the Memphis Furniture Manufacturing Company to review and set aside an order issued by the National Labor Re-

lations Board under section 10(c) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C. § 151 et seq., 29 U.S.C.A. § 151 et seq., and section 160(c). The Board seeks an enforcement of the order.

The question presented is whether the National Labor Relations Board had jurisdiction to make the order. The business of the petitioner in its relation to interstate commerce does not materially differ from that of the petitioners in the cases of National Labor Relations Board v. Fruehauf Trailer Co., 301 U.S. 49, 57 S.Ct. 642, 630, 81 L.Ed. 918, 108 A.L.R. 1352; National Labor Relations Board v. Friedman-Harry Marks Clothing Co., 301 U.S. 58, 57 S.Ct. 645, 630, 81 L.Ed. 921, 108 A.L.R. 1352, and Renown Stove Co. v. National Labor Relations Board, 6 Cir., 90 F.2d 1017. Upon the authority of these cases the petition to set aside the order is denied and an appropriate decree will be entered for its enforcement as provided by section 10(f) of the act, 29 U.S.C.A. § 160(f).